UNITED STATES *v.* HAMILTON.

*(District Court, D. Indiana.* December 7, 1881.)

1. POST-OFFICE EMPLOYES—EMBEZZLEMENT, ETC., OF LETTER BY—SECTION 5467,
   REV. ST., CONSTRUED.

   It is not material, under section 5467, Rev. St., how a letter intended to be
   conveyed by mail comes into the possession of a post-office employe.

Indictment under section 5467, Rev. St.   Motion for new trial.

*Chas. L. Holstein,* U. S. Atty., and *Chas. H. McCarer,* Asst., for
the United States.

*T. S. Rollins* and *S. T. McConnell,* for defendant.

GRESHAM, D. J.   The indictment was based upon section 5467,
Rev. St., and charged that the defendant, being a post-office employe,
stole and took out of a certain letter, which had come into his pos-
session and which was intended to be conveyed by mail, before it
had been delivered to the party to whom it was addressed, a certain
article of value, describing it.   There was a verdict of guilty.

A motion for a new trial is made, upon the ground that the evi-
dence does not show that the letter was legally in the custody of the
postal service, or that the defendant came into the possession of it
in the regular course of his official duties.

It appears from the evidence that the defendant was the local mail
agent at the depot at Attica, Indiana, and as such had the care and
custody of the mails there.   He had taken the usual oath of office
for the faithful performance of his duties, but received no compensa-
tion from the government.   He was also in the service of the railroad
as station agent and telegraph operator at the depot.   As local mail
agent he received the mail-bags, etc., from, and delivered them to,
the trains, and was also in the habit of receiving letters from indi-
viduals for delivery to the route agents.   One Ambrose Rank was
the telegraph messenger boy at the depot.   He, too, was in the habit
of receiving letters from individuals for mailing at the depot and on
the trains.   The letter described in the indictment was from Nave,
Allen & Co., an Attica firm, and was directed to a person at La Fay-
ette, Indiana, and contained a draft for $30.   This letter was handed
by a member of the firm to young Rank, to be mailed at the depot.
Rank swore that he delivered the letter, just as he received it, to the
defendant, at the depot, for mailing on the train.   It never reached
its destination and was never found.   A few days after its delivery
to the defendant he disposed of the draft and spent the money at La
Fayette.   The defendant testified, in his own behalf, that he never

received the letter from Rank or otherwise, and that he bought the draft from him for $10. There was evidence tending to corroborate Rank's statement.

It is declared, by the section under which the indictment is drawn, to be an offence for any person employed in any department of the postal service to steal or take any article of value enumerated in the statute from any letter intended to be conveyed by mail, which comes into his possession "either in the regular course of his official duties, or in any other manner whatever," provided the same has not been delivered to the party to whom it is directed. If the defendant received the letter, as testified to by Rank, knowing that it was intended to be conveyed by mail, and that it had not been delivered to the person to whom it was directed, and the defendant opened it and stole the contents, he is guilty. It is not material how a letter which is intended to be conveyed by mail comes into the possession of a person employed in the postal service. A local mail agent, such as the defendant was, who receives a single letter to be delivered to a mail agent to be conveyed to its destination through the mails, is entrusted with mail matter, within the meaning of the statute; and he is just as guilty, if he opens and steals the contents of such a letter, as if he had stolen the contents of a letter taken unlawfully from a mail-bag or packet with which he was entrusted.

Motion for new trial overruled.